IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) )  ) |
| vs. | ) ) Cr. No. 01-40017-011 JPG |
| DEREK A. WAITHE, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Derek A. Waithe's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 406). The Court appointed counsel for Waithe, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 453). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Docs. 464 and 465). Waithe has responded to counsel's motion to withdraw (Doc. 457).

Waithe pled guilty to one count of conspiring to distribute and possess with intent to distribute crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Waithe's relevant conduct was at least 4.5 kilograms of crack cocaine , which under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 yielded a base offense level of 38. His offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, and was increased by four points under U.S.S.G. § 2B1.1(a) for his leadership role in the conspiracy. His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility for a total offense level of 41. Considering Waithe's criminal history

1

category of III, this yielded a sentencing range of 360 months to life in prison. The Court imposed a sentence of 420 months imprisonment, less than the statutory maximum sentence established by Waithe's conviction. *See* 21 U.S.C. § 841(b)(1)(A). Waithe now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Waithe cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels

2

are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). Waithe was sentence based on relevant conduct that exceeded 4.5 kilograms of crack cocaine. Under the old and amended guidelines this relevant conduct warranted a base offense level of 38. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Waithe cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 453) and **DISMISSES** Waithe's motion for a sentence reduction (Doc. 406) for **lack of jurisdiction**. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to Defendant Derek A. Waithe, Reg. No. 05407-025, FCI Manchester, P.O. Box 4000, Manchester, KY 20962.

**IT IS SO ORDERED.**
**Dated this 23rd day of June, 2009.**

                                        S/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**