IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS



In Re: Petitions for Retroactive
Application of Amendment 750 of
the United States Sentencing Guidelines to
Sentences Previously Imposed
for Certain Crack Cocaine Offenses

No. 137

## ADMINISTRATIVE ORDER

**HERNDON, CHIEF JUDGE:**

Once again, the United States Sentencing Commission ("Commission") has reduced the disparity between sentences recommended by it for powder cocaine and crack cocaine in the advisory sentencing guidelines. The Commission decided to make its advisory guidelines for these offenses, under certain circumstances upon appropriate findings of the presiding judge, retroactive. These provisions are contained in Amendment 750 (parts A and C only) of the Sentencing Guidelines. The effective date of this retroactive application is not until November 1, 2011. Consequently, the Court cannot act on any petitions requesting a reduction in sentence prior to that date. Furthermore, the Court acknowledges the contingency that Congress may not agree with the Sentencing Commission's recommendation regarding retroactivity and could act to prevent the retroactivity from taking effect. Even so, the Court sets forth the following procedures as to these types of petitions/motions.

This Court, *en banc*, has determined that any petitions filed prior to that date will be automatically stayed, without further order of Court, until November 1, 2011. However, regardless of that stay, the Federal Public Defender's Office ("FPD") is designated to represent each defendant (petitioner) who meets the indigence standards and who files such a petition or motion, by whatever nomenclature the litigant places on the document. The FPD shall decide specifically which attorney within the office shall individually be assigned which petitions/motions. Should the FPD determine that there is a conflict for that particular defendant, it shall enlist the FPD of the Eastern District of Missouri for representation of that defendant through the interoffice agreement it has worked out with that office for that purpose.

If the FPD plans to file an amended petition/motion for reduction, it may do so

on November 1, 2011, but it shall provide courtesy copies to the United States Attorney's office on October 27, 2011. The United States Attorney's Office is not required to file a response to any such filing (petition or motion) so filed by the defendant seeking a reduction until fourteen days after the FPD files the amended motion. Prior to that date, the Court in concert with the United States Attorney's Office and the FPD shall work together to determine the procedural and logistical issues relative to the handling of such cases.

In cases in which the FPD has been appointed and the FPD determines that the defendant is not entitled to relief, the FPD shall file a motion to withdraw as counsel explaining why the defendant is not entitled to relief. In this event, the defendant and the government shall have fourteen days to file a response to the motion. Further, the FPD shall send a copy of the motion to the defendant and inform the defendant that he/she has fourteen days to respond to the motion.

The Clerk's Office is directed to implement this Order by entering the FPD as attorney of record in each case relevant to the issues discussed in this Order, and by sending a copy of this Order to the defendant, petitioner, movant, litigant who seeks to have his/her sentence reduced pursuant to the amendment and who files his moving document prior to November 1, 2011. Further, the Clerk's Office shall send copies of this Order to the FPD and to the United States Attorney's Office and shall post this Order on the District Court's website.

**IT IS SO ORDERED.**

Signed this 20th day of July, 2011.

David R. Herndon
2011.07.20
10:12:15 -05'00'

**Chief Judge**
**United States District Court**