IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

  vs.

DEREK A. WAITHE,

       Defendant.

Case No. 01-cv-40017-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Derek A. Waithe's *pro se* motion for status (Doc. 554). On February 24, 2012, Waithe filed a *pro se* motion for retroactive application of the crack cocaine guidelines and to appoint counsel (Doc. 527). This Court granted Waithe's motion to appoint counsel and appointed the Federal Public Defender's Office to represent him (Doc. 529). A litigant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "Representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). The court may strike as improper any such *pro se* motions. *See, e.g.*, *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). Accordingly, the Court **DIRECTS** the Clerk of Court to **STRIKE** Waithe's *pro se* filing (Doc. 554). The Court suggests Waithe contact the Federal Public Defender's office for a status update on his case.

**IT IS SO ORDERED.**

**DATED:** August 6, 2014

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**