# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 01-cr-40017-JPG |
| DEREK A. WAITHE, | |
| Defendant. | |

## MEMORANDUM & ORDER

### J. PHIL GILBERT, DISTRICT JUDGE

This matter comes before the Court on defendant Derek A Waithe's motion for reconsideration (Doc. 610) regarding this Court's prior order (Doc. 610) denying his motion for an extension of time to file a notice of appeal (Doc. 602.) Waithe does not indicate, however, under which procedural rule he brings his motion. The Court will thus construe the motion as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect", "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial", or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Waithe has not demonstrated any of the exceptional circumstances required to succeed on a Rule 60(b) motion. Rather, he asserts the same arguments that this Court has already addressed in its previous order. (Doc. 608.) Waithe also contends that he is entitled to equitable tolling of the deadline to file a notice of appeal, but the Court finds this argument to be without merit. The Court will not extend the time to file a notice of appeal under FED R. CRIM. P. 4(b)(4) by over three months because Waithe failed to file a timely appeal. Accordingly, the Court **DENIES** Waithe's motion for reconsideration. (Doc. 610.)

**IT IS SO ORDERED.**

**DATED: November 30, 2017**

                  s/ *J. Phil Gilbert*
                  **J. PHIL GILBERT**
                  **DISTRICT JUDGE**