# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEREK A. WAITHE,

    Defendant.

Case No. 01-cr-40017-JPG

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Derek A Waithe's appeal (Doc. 619) of this Court's prior order (Doc. 608) denying Waithe's motion for an extension of time to file a notice of appeal (Doc. 602). Waithe does not indicate under which procedural rule he brings his motion, so the Court has construed it as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect", "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial", or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Waithe has not demonstrated any of the exceptional circumstances required to succeed on a Rule 60(b) motion. In fact, Waithe already filed a motion for reconsideration on this issue

1

months ago (Doc. 610), which the Court has already denied (Doc. 612.) Accordingly, the Court

**DENIES** Waithe's motion. (Doc. 619.)

**IT IS SO ORDERED.**

**DATED: FEBRUARY 1, 2018**

**<u>s/ *J. Phil Gilbert*</u>**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
