UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  DEREK A. WAITHE,  Defendant. | Case No. 01-cr-40017-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Derek A. Waithe's amended motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 639). The Government has responded to the motion (Docs. 644 & 651), and the defendant has replied (Docs. 645 & 652).

The defendant pled guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine. The Court sentenced the defendant using the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) (2002): 10 years to life in prison. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 391,622.6 kilograms of marihuana equivalent, which comprised 5.6 kilograms of powder cocaine and 19.5 kilograms of crack cocaine. *See* PSR ¶ 72. Under U.S.S.G. § 2D1.1 (2002), this relevant conduct yielded a base offense level of 38. The offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a dangerous weapon and by 4 points under U.S.S.G. § 3B1.1(c) and because the defendant was an organizer or leader of an organization that involved 5 or more participants, and it was reduced by 3 points under

U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 41 which, considering the defendant's criminal history category of III, yielded a sentencing range of 360 months to life in prison. The Court imposed a sentence of 420 months in prison, followed by 5 years of supervised release. In September 2016, pursuant to a retroactive amendment to the sentencing guidelines, the Court found the defendant's total offense level had fallen to 39, and it reduced the defendant's sentence to 381 months in prison.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

2

Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.  First Step Act, § 404(b).  In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.  The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First Step Act, § 404(a).  Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.  First Step Act, § 404(c).  In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.  *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

    The parties agree that the defendant is eligible for a sentence reduction under the First Step Act.  His conviction is the type of conviction covered by § 404 of the First Step Act.  He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) under which he was sentenced.  Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the Fair Sentencing Act.  *See Shaw*, 957 F.3d at 739.  Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

    In support of a sentence reduction to time served, Waithe argues that he no longer falls into criminal history category III because prior violations do not warrant criminal history points

after sentencing guideline amendments in 2007.   He believes that, applying those changes, he now has no criminal history points and his correct criminal history category is now I, where his guideline sentencing range would be 262 to 327 months.   He notes that he has already served approximately 224 months in prison with only one disciplinary infraction, which occurred long ago in 2003.   He has completed nearly 350 hours of hours of educational classes and has maintained steady employment throughout his incarceration.   He is 47 years old.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one.   It argues the defendant has already received the benefit of the Fair Sentencing Act when the Court reduced his sentence in 2016 to 381 months, within the amended advisory sentencing guideline range of 324 to 405 months, and no further reduction is warranted since his guideline range remains the same today.   The Government urges the Court not to reexamine Waithe's criminal history based on guideline amendments that were not made retroactive to him.   It further points to Waithe's prominent role as leader of a drug trafficking group made up of Gangster Disciples and his use of guns to further the aims of that group.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the

Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request. Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion. *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42). The Court agrees with the Government that it is not required to change Waithe's criminal history category as it would in a plenary resentencing, but it agrees with Waithe that it is a factor the Court may consider in the exercise of its discretion. *See Hudson*, 967 F.3d at 612.

The Court agrees with the parties that, had the defendant been sentenced today, on the crime as charged in the indictment, his statutory sentencing range would have been 5 to 40 years in prison. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010). However, the Court believes that, had the Government foreseen that the drug thresholds of § 841(b)(1)(A)(iii), § 841(b)(1)(B)(iii), and, indirectly, § 841(b)(1)(C) would be changed as they were in the Fair Sentencing Act, or had the Government charged Waithe today, it easily could have charged him with conspiracy to distribute and possess with intent to distribute more than 280 grams of crack cocaine. After all, his relevant conduct, which was derived from his high-level involvement in a substantial drug trafficking operation, exceeded *19,525 grams*, or 19.5 kilograms, of crack cocaine. This would have established a statutory sentencing range of 10 years to life. *See* 21 U.S.C.

5

§ 841(b)(1)(A)(iii). The Court notes these "what ifs" with respect to the indictment only to show that it has considered the whole picture.

As for Waithe's criminal history category, the Court gives this factor little weight. It would not be equitable to reexamine the criminal history category for defendants covered by § 404 of the First Step Act but not other defendants who also would no longer qualify for certain criminal history points. Neither the Fair Sentencing Act, the First Step Act, nor the Sentencing Commission made such changes in the guidelines retroactive. Thus, the Court finds that after application of the Fair Sentencing Act, Waithe's criminal history category is the same, and his guideline sentencing range is the same as it was in 2016 when the Court reduced his sentence pursuant to Amendment 782—324 to 405 months.

The Court has reviewed the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) as well as the defendant's pre- and post-conviction conduct, *see Shaw*, 957 F.3d at 741, and the circumstances described above. The Court's prior consideration of the § 3553(a) factors explained at sentencing remains valid, and those factors still weigh in favor of a hefty sentence. And while it is true that Waithe has apparently learned to obey prison rules and has taken steps toward his education and employment prospects—all commendable things—they do not overcome his history of affiliation with a violent gang, leadership of extensive drug trafficking operations, and frequent use of guns to facilitate those activities. A further reduction of his sentence runs counter to the need to reflect the seriousness of his offense, to provide just punishment, and to protect the public from his further crimes. His current sentence of 381 months remains sufficient, but not greater than necessary, to serve the purposes of sentencing, and is within the 5 to 40 year statutory sentencing range applicable under the Fair Sentencing

Act.  Accordingly, the Court will not reduce his term of incarceration.  It will, however, reduce his 5-year term of supervised release to a 4-year term in light of the fact that the supervised release range for his conviction is now no less than 4 years rather than no less than 5.  *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010).

For the foregoing reasons, the Court **GRANTS** the defendant's amended motion for a reduction (Doc. 639) but will only reduce his term of supervised release, not his term of incarceration.  The Court will enter a separate order of reduction in the Court's standard format.  In light of this ruling, the Court **DENIES as moot** Waithe's *pro se* motion for a sentence reduction under § 404 of the First Step Act (Doc. 634).

**IT IS SO ORDERED.**
**DATED:   December 7, 2020**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**